JOSEPH FORD *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—776.]

**Instructions in Criminal Trial.**

Where the evidence is not brought up to the Court of Appeals in a criminal cause the presumption is that such evidence sustains the verdict; and this court will not reverse on account of an instruction which seems to have been given in view of conflicting evidence, for such evidence may have been of such a character as to render harmless the instructions on that point, and in the absence of the evidence this court can not determine that even an erroneous instruction was harmful or prejudiced the substantial rights of the appellant.

APPEAL FROM CRITTENDEN CIRCUIT COURT.

. March 11, 1884.

OPINION BY JUDGE HARGIS:

The attorneys for the defendant and the attorney for the commonwealth agreed and had stated in the bill of exceptions that the evidence was sufficient to support the verdict of the jury, provided the court gave the law of the case to the jury in the instructions. For this reason none of the evidence was embraced by the bill of exceptions. Whether an attorney has the power in the absence of the express personal consent of the defendant to make such an admission upon the record it is not necessary to determine, for whatever may be the law on that question, the fact exists that the evidence is not before us and the presumption is that it sustains the verdict.

The instructions alone, without the evidence in the light of which they are given, are presented to us on this appeal. For the appellant, who was convicted and sentenced to the penitentiary for two years, it is contended that instructions two, three and four are erroneous. As to the third there was neither objection nor exception; hence it can not be noticed further.

The other instructions, it seems, were given in view of conflicting evidence upon the question whether the meeting of the appellant and Mercer, whom he stabbed, was accidental or brought about by the former for the purpose of affording him an opportunity to stab the latter, with intent to kill him. The evidence may have been of such a character as to render harmless the instructions on that point. It may be that, unless the meeting was casual, there was or could be no pretense that the affray was sudden or the stabbing done in sudden heat and passion.

As to the definition of legal provocation it is not correct, but whether it prejudiced the substantial rights of the appellant this court, in the absence of the evidence, can not tell. For it may be that the only provocation was a blow, not deemed by the jury sufficient under the circumstances to justify the appellant in bursting into sudden heat and passion.

Judgment *affirmed.*

*Nunn & Cruce, for appellant.*

*P. W. Hardin, for appellee.*